### HANSELMAN v. ADRION.

APPEAL AND ERROR —ASSIGNMENTS OF ERROR — FAILURE TO SERVE—DISMISSAL.

Where plaintiff in error failed to serve any assignments of error, and no satisfactory excuse was given for the failure to do so, his motion to extend the time to make return to the writ of error was denied, and the writ dismissed.

Case by Frederick Hanselman against Charles Adrion for slander. There was judgment for plaintiff for less than the amount claimed, and he brings error. On motion to dismiss. Submitted February 28, 1905. (Calendar No. 20,791.) Granted March 28, 1905.

*A. J. Waters*, for the motion.

*William Look*, contra.

PER CURIAM. Motion to dismiss writ of error. This is an action for slander, and was tried in Washtenaw cir-

cuit, and judgment entered for plaintiff November 1, 1903, for six cents damages and six cents costs of suit. A motion for a new trial was denied December 3, 1903, and 90 days granted by consent to settle a bill of exceptions. The writ of error issued October 17, 1904, returnable November 28, 1904.

It is admitted that on or about April 30, 1904, counsel for plaintiff handed the attorney who assisted defendant on the trial as counsel a proposed bill of exceptions and a copy of the testimony on the case, that no assignments of error were made or served, that in a few days the papers counsel for defendant received were delivered to defendant's attorney of record, and that no other papers were ever served on anybody. There is a dispute between the attorneys as to what occurred at the time these papers were served. It is not necessary for us to settle this controversy.

This motion is determined by the undisputed facts. Defendant's attorney of record was by rule entitled to be served with all papers. No attempt has been made at all to show that he has been recognized in any manner since the case was tried. Nor is any claim made that he or counsel for defendant made any agreement about the bill of exceptions, or that either was afterwards in any way approached about the matter. The rule is that assignments of error must be served with the bill of exceptions. No claim is made that this requirement was ever complied with in this case.

If it is claimed that by practice in that circuit service on counsel should be recognized, that would not supply the omitted assignments of error. Defendant's attorney of record was entitled to the assignments of error, in order to know what plaintiff relied upon as error in the case; but no attempt has ever been made to furnish assignments of error either to the attorney of record or counsel who assisted on the trial. Plaintiff has not followed the practice, and has been very dilatory in this matter.

At any time plaintiff's attorney might have proceeded

under the rules and practice in this court if he had so desired, by assigning errors, settling a bill of exceptions, and having the record certified to this court. No satisfactory reason or excuse is given why this has not been done. The motion to dismiss the writ is granted, with costs.

It follows that the motion made by plaintiff to extend the time to make return to the writ of error, and which was considered at the same time with the above motion to dismiss the writ, is denied.